# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 17, 2012

Lyle W. Cayce
Clerk

No.12-30229
USDC No. 3:11-CV-114

CARNELLA M. MARKS,

Plaintiff-Appellant

v.

WAYNE EDWARDS; ROBERT RACHAL; SHERIFF COX; MAJOR JENKINS,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Carnella M. Marks, Louisiana prisoner # 300215, proceeding pro se and in forma pauperis (IFP), filed a civil rights complaint against officials at the Louisiana Transitional Center for Women, alleging constitutional violations and a violation of the Americans with Disabilities Act. The district court dismissed the complaint as frivolous and for failure to state a claim. The court also denied Marks leave to proceed IFP on appeal, certifying that the appeal was not taken

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in good faith for the reasons stated in the court's prior rulings. Marks now moves this court for leave to proceed IFP.

Marks's motion constitutes a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation omitted). "When the prisoner opts to challenge the certification decision, the motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Neither Marks's IFP motion nor her supporting brief addresses in any meaningful way the district court's certification decision or the merits of her claims. She makes only a conclusory assertion that she is appealing in good faith. Accordingly, Marks has failed to address the district court's certification reasons and to show that her proposed appeal raises a nonfrivolous issue, as she is required to do. *See Baugh*, 117 F.3d at 202. Marks's IFP motion is DENIED, and her appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

The district court's dismissal of Marks's suit and this court's dismissal of Marks's appeal as frivolous each counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Marks is CAUTIONED that if she accumulates three strikes, she will not be allowed to proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).